**Frane PESUT, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, and Immigration & Naturalization Service, Respondents.**

**Docket No. 02–8403.**

United States Court of Appeals,
Second Circuit.

Sept. 9, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this appeal.

David R. Addelman, Addelman & Marszalkowski, P.C., Buffalo, NY, for Petitioner.

Michael J. Sullivan, United States Attorney (Eugenia M. Carris, Assistant United States Attorney), Boston, MA, for Respondents.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Frane Pesut petitions for review of a Board of Immigration Appeals (BIA) decision ordering that he be deported to Croatia. That decision, which dealt only with the place of deportation, followed a 1997 decision in which the BIA concluded that Pesut, who was convicted of air piracy in 1977, met the criteria of former section 212(a)(27) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(27) (repealed 1990), and was therefore both deportable under former section 241(a)(7) of the INA, 8 U.S.C. § 1251(a)(7) (repealed 1990), and ineligible for discretionary relief from deportation under former section 212(c), 8 U.S.C. § 1182(c) (amended 1990). Pesut argues that the BIA erred in finding that section 212(a)(27) applies to him and contends that section 212(a)(27) is unconstitutionally vague and overbroad.

### I. Applicability of Section 212(a)(27)

Although we ordinarily review *de novo* the BIA's conclusions of law, the BIA's interpretations of ambiguous provisions of the INA are entitled to *Chevron* deference. *See Mardones v. McElroy*, 197 F.3d 619, 624 (2d Cir.1999) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). Under *Chevron*, "if [the INA] is silent or ambiguous with respect to [a] specific issue, the question for the court is whether [the BIA's] answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843, 104 S.Ct. 2778.

Former section 241(a)(7) of the INA provided for the deportation of any alien who "is engaged, *or at any time after entry has engaged,* or at any time after entry has had a purpose to engage, in any of the activities described in paragraph (27) or (29) of section 1182(a) of this title." 8 U.S.C. § 1251(a)(7) (repealed 1990) (emphasis added). Paragraph 27 of former 8 U.S.C. § 1182(a), or section 212(a)(27), covered "[a]liens who the consular officer or the Attorney General knows or has reason to believe *seek to enter the United States* solely, principally, or incidentally to engage in activities which would be prejudicial to the public interest, or endanger the welfare, safety, or security of the United States." 8 U.S.C. § 1182(a)(27) (repealed 1990) (emphasis added).

The BIA found that former section 241(a)(7) incorporated by reference only the activities described in the latter part of § 212(a)(27), and did not incorporate § 212(a)(27)'s limitation to purposes held upon seeking to enter the United States. It therefore concluded that § 241(a)(7) rendered deportable aliens who, *after entry,* engaged in "activities which would be prejudicial to the public interest, or endanger the welfare, safety, or security of the United States." Finding that air piracy was such an activity, the BIA held that Pesut, who admittedly engaged in air piracy after entering the United States, was deportable under § 241(a)(7).

Pesut argues that the BIA's interpretation of the statute is in error. He contends that, properly understood, section 241(a)(7) incorporates the entirety of § 212(a)(27), including the limitation to purposes held upon entering the United States, and that therefore the statute cannot apply to him, because he did not seek to enter the United States to engage in air piracy.

Pesut's challenge to the BIA's decision fails because the statute is ambiguous and the BIA's interpretation is reasonable. The reference in § 241(a)(7) to the "activities described in paragraph (27)" could refer, as Pesut suggests, to the entirety of that paragraph or, as the BIA concluded, to that portion of the paragraph that itself follows the word "activities." Because we cannot conclude that the BIA's reading is "arbitrary, capricious, or manifestly contrary to the statute," *Chevron,* 467 U.S. at 844, 104 S.Ct. 2778, we cannot disturb the BIA's legal determination.

## II. Constitutionality of Section 212(a)(27)

Pesut argues that section 212(a)(27) is unconstitutional on its face because it is vague and overbroad.

 Although the extent of the rule is not entirely clear, *see United States v. Rybicki,* 354 F.3d 124, 131–32 (2d Cir. 2003) (en banc), *cert. denied,* — U.S. ——, 125 S.Ct. 32, 160 L.Ed.2d 10 (2004), unless a statute implicates First Amendment rights, "[o]ne whose conduct is clearly proscribed by [a] statute [at least ordinarily] cannot successfully challenge it for vagueness." *United States v. Venturella,* 391 F.3d 120, 134 (2d Cir.2004) (quoting *Rybicki,* 354 at 129). Pesut's conduct, air piracy, is clearly proscribed by § 212(a)(27): It is obviously "prejudicial to the public interest" and would obviously "endanger the welfare, safety, or security of the United States." Pesut almost surely cannot therefore challenge § 212(a)(27) for vagueness. Even if we were to entertain a facial challenge to § 212(a)(27), however, we would reject it. The language of the statute is sufficiently definite that, in most cases (such as this one), "ordinary people can understand what conduct is prohibited," *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); and no basis has been given to us

**56**

for a conclusion that the statute "encourage[s] arbitrary and discriminatory enforcement," *id.*

Even when the First Amendment is implicated, courts "have insisted that a law's application to protected speech be substantial, not only in an absolute sense, but also relative to the scope of the law's plainly legitimate applications, before applying the strong medicine of overbreadth invalidation." *Virginia v. Hicks,* 539 U.S. 113, 119–20, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003) (citation and internal quotation marks omitted). We do not think that the application of § 212(a)(27) to protected speech is sufficiently substantial in relation to the statute's legitimate applications to sustain an overbreadth challenge, particularly now that the law's repeal has alleviated any "concern that the threat of enforcement ... may deter or 'chill' constitutionally protected speech." *Hicks,* 539 U.S. at 119, 123 S.Ct. 2191. We note finally that the hijacking of an aircraft, even if done for the purpose of publicizing a political cause, is surely not itself a form of protected speech under the First Amendment.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is DENIED.